**Fill in this information to identify your case:**

United States Bankruptcy Court for the:

DISTRICT OF DELAWARE

Case number *(if known)* _____ Chapter __11__

☐ Check if this an
amended filing

## Official Form 201
# Voluntary Petition for Non-Individuals Filing for Bankruptcy 06/22

If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write the debtor's name and the case number (if known). For more information, a separate document, *Instructions for Bankruptcy Forms for Non-Individuals,* is available.

| | | | |
|---|---|---|---|
| 1. | **Debtor's name** | **Forma Brands, LLC** | |
| 2. | **All other names debtor used in the last 8 years** Include any assumed names, trade names and *doing business as* names | | |
| 3. | **Debtor's federal Employer Identification Number** (EIN) | **85-2892520** | |

| | | | |
|---|---|---|---|
| 4. | **Debtor's address** | **Principal place of business** | **Mailing address, if different from principal place of business** |
| | | **10303 Norris Avenue** **Pacoima, CA 91331** Number, Street, City, State & ZIP Code | P.O. Box, Number, Street, City, State & ZIP Code |
| | | **Los Angeles** County | **Location of principal assets, if different from principal place of business** |
| | | | Number, Street, City, State & ZIP Code |

| | | |
|---|---|---|
| 5. | **Debtor's website** (URL) | **www.formabrands.com** |

| | | |
|---|---|---|
| 6. | **Type of debtor** | ☑ Corporation (including Limited Liability Company (LLC) and Limited Liability Partnership (LLP)) |
| | | ☐ Partnership (excluding LLP) |
| | | ☐ Other. Specify: _____ |

Debtor    **Forma Brands, LLC**                                                    Case number (*if known*) _____
_____
          Name

**7.  Describe debtor's business**      A. *Check one:*

☐ Health Care Business (as defined in 11 U.S.C. § 101(27A))

☐ Single Asset Real Estate (as defined in 11 U.S.C. § 101(51B))

☐ Railroad (as defined in 11 U.S.C. § 101(44))

☐ Stockbroker (as defined in 11 U.S.C. § 101(53A))

☐ Commodity Broker (as defined in 11 U.S.C. § 101(6))

☐ Clearing Bank (as defined in 11 U.S.C. § 781(3))

☑ None of the above

B. *Check all that apply*

☐ Tax-exempt entity (as described in 26 U.S.C. §501)

☐ Investment company, including hedge fund or pooled investment vehicle (as defined in 15 U.S.C. §80a-3)

☐ Investment advisor (as defined in 15 U.S.C. §80b-2(a)(11))

C. NAICS (North American Industry Classification System) 4-digit code that best describes debtor. See http://www.uscourts.gov/four-digit-national-association-naics-codes.

**4242**

**8.  Under which chapter of the Bankruptcy Code is the debtor filing?**

A debtor who is a "small business debtor" must check the first sub-box. A debtor as defined in § 1182(1) who elects to proceed under subchapter V of chapter 11 (whether or not the debtor is a "small business debtor") must check the second sub-box.

*Check one:*

☐ Chapter 7

☐ Chapter 9

☑ Chapter 11. *Check all that apply*:

☐ The debtor is a small business debtor as defined in 11 U.S.C. § 101(51D), and its aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $3,024,725. If this sub-box is selected, attach the most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return or if any of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B).

☐ The debtor is a debtor as defined in 11 U.S.C. § 1182(1), its aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $7,500,000, **and it chooses to proceed under Subchapter V of Chapter 11.** If this sub-box is selected, attach the most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return, or if any of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B).

☐ A plan is being filed with this petition.

☐ Acceptances of the plan were solicited prepetition from one or more classes of creditors, in accordance with 11 U.S.C. § 1126(b).

☐ The debtor is required to file periodic reports (for example, 10K and 10Q) with the Securities and Exchange Commission according to § 13 or 15(d) of the Securities Exchange Act of 1934. File the *Attachment to Voluntary Petition for Non-Individuals Filing for Bankruptcy under Chapter 11* (Official Form 201A) with this form.

☐ The debtor is a shell company as defined in the Securities Exchange Act of 1934 Rule 12b-2.

☐ Chapter 12

**9.  Were prior bankruptcy cases filed by or against the debtor within the last 8 years?**
If more than 2 cases, attach a separate list.

☑ No.

☐ Yes.

| | District _____ | When _____ | Case number _____ |
| | District _____ | When _____ | Case number _____ |

**10.  Are any bankruptcy cases pending or being filed by a business partner or an affiliate of the debtor?**

☐ No

☑ Yes.

Debtor    **Forma Brands, LLC**
_____    Case number (_if known_) _____
          Name

List all cases. If more than 1,     Debtor    **SEE ATTACHED RIDER**
attach a separate list              _____    Relationship    _____

                                    District _____ When _____ Case number, if known _____

---

**11. Why is the case filed in**     _Check all that apply:_
**this district?**
                                     ☑ Debtor has had its domicile, principal place of business, or principal assets in this district for 180 days immediately
                                        preceding the date of this petition or for a longer part of such 180 days than in any other district.

                                     ☑ A bankruptcy case concerning debtor's affiliate, general partner, or partnership is pending in this district.

**12. Does the debtor own or**       ☑ No
**have possession of any**
**real property or personal**        ☐ Yes.  Answer below for each property that needs immediate attention. Attach additional sheets if needed.
**property that needs**
**immediate attention?**                     **Why does the property need immediate attention?** (_Check all that apply._)

                                             ☐ It poses or is alleged to pose a threat of imminent and identifiable hazard to public health or safety.
                                                What is the hazard? _____

                                             ☐ It needs to be physically secured or protected from the weather.

                                             ☐ It includes perishable goods or assets that could quickly deteriorate or lose value without attention (for example,
                                                livestock, seasonal goods, meat, dairy, produce, or securities-related assets or other options).

                                             ☐ Other _____

                                             **Where is the property?** _____
                                                                        Number, Street, City, State & ZIP Code

                                             **Is the property insured?**

                                             ☐ No

                                             ☐ Yes.  Insurance agency _____
                                                     Contact name   _____
                                                     Phone          _____

---

██ **Statistical and administrative information**

**13. Debtor's estimation of**       _Check one:_
**available funds**
                                     ☑ Funds will be available for distribution to unsecured creditors.

                                     ☐ After any administrative expenses are paid, no funds will be available to unsecured creditors.

**14. Estimated number of**          ☐ 1-49              ☑ 1,000-5,000        ☐ 25,001-50,000
**creditors \***                     ☐ 50-99             ☐ 5001-10,000        ☐ 50,001-100,000
                                     ☐ 100-199           ☐ 10,001-25,000      ☐ More than100,000
                                     ☐ 200-999

**15. Estimated Assets \***          ☐ $0 - $50,000            ☐ $1,000,001 - $10 million      ☑ $500,000,001 - $1 billion
                                     ☐ $50,001 - $100,000      ☐ $10,000,001 - $50 million     ☐ $1,000,000,001 - $10 billion
                                     ☐ $100,001 - $500,000     ☐ $50,000,001 - $100 million    ☐ $10,000,000,001 - $50 billion
                                     ☐ $500,001 - $1 million   ☐ $100,000,001 - $500 million   ☐ More than $50 billion

**16. Estimated liabilities \***     ☐ $0 - $50,000            ☐ $1,000,001 - $10 million      ☑ $500,000,001 - $1 billion
                                     ☐ $50,001 - $100,000      ☐ $10,000,001 - $50 million     ☐ $1,000,000,001 - $10 billion
                                     ☐ $100,001 - $500,000     ☐ $50,000,001 - $100 million    ☐ $10,000,000,001 - $50 billion
                                     ☐ $500,001 - $1 million   ☐ $100,000,001 - $500 million   ☐ More than $50 billion

---

**\* The Debtors' estimated number of creditors, assets, and liabilities noted here are provided on a consolidated basis.**

| Debtor | **Forma Brands, LLC** | Case number (*if known*) | |
| | Name | | |

---

**Request for Relief, Declaration, and Signatures**

---

WARNING -- Bankruptcy fraud is a serious crime. Making a false statement in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

**17. Declaration and signature of authorized representative of debtor**

The debtor requests relief in accordance with the chapter of title 11, United States Code, specified in this petition.

I have been authorized to file this petition on behalf of the debtor.

I have examined the information in this petition and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on    1/12/2023
                MM / DD / YYYY

**X** /s/ Stephen Marotta
    Signature of authorized representative of debtor

**Stephen Marotta**
Printed name

Title    **Chief Restructuring Officer**

---

**18. Signature of attorney**

**X** /s/ Erin R. Fay                          Date    1/12/2023
    Signature of attorney for debtor                 MM / DD / YYYY

**Erin R. Fay**
Printed name

**BAYARD, P.A.**
Firm name

**600 N. King Street**
**Suite 400**
**Wilmington, DE 19801**
Number, Street, City, State & ZIP Code

Contact phone   **(302) 655-5000**    Email address   **efay@bayardlaw.com**

**5268 DE**
Bar number and State

-and-

**Gregg M. Galardi**
Printed name

**ROPES & GRAY LLP**
Firm name

**1211 Avenue of the Americas**
**New York, NY 10036**
Number, Street, City, State & ZIP Code

Contact phone   **(212) 596-9000**    Email address   **gregg.galardi@ropesgray.com**

**2991 DE**
Bar number and State

---

**Rider 1**
**Pending Bankruptcy Cases Filed by the Debtor and Affiliates of the Debtor**

On the date hereof, each of the entities below (collectively, the "Debtors") filed a Petition in the United States Bankruptcy Court for the District of Delaware for relief under chapter 11 of title 11 of the United States Code.  The Debtors have moved for joint administration of these cases under the case number assigned to the chapter 11 case of FB Debt Financing Guarantor, LLC.

- FB Debt Financing Guarantor, LLC
- Forma Brands, LLC
- Morphe, LLC
- Forma Beauty Brands, LLC
- Seemo, LLC
- Jaclyn Cosmetics Holdings, LLC
- Such Good Everything, LLC
- Playa Products, Inc.
- Jaclyn Cosmetics LLC

## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF DELAWARE

In re:

     Forma Brands, LLC,

        Debtor.

Chapter 11

Case No. 23-[_____] ([____])

## CORPORATE OWNERSHIP STATEMENT

Pursuant to rules 1007(a)(1) and 7007.1 of the Federal Rules of Bankruptcy Procedure, the following are corporations, other than a government unit, that directly or indirectly own 10% or more of any class of the debtor's equity interest:

| Shareholder | Approximate Percentage of Shares Held |
|---|---|
| FB Debt Financing Guarantor, LLC | 100% |

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF DELAWARE**

In re:

      Forma Brands, LLC,

          Debtor.

Chapter 11

Case No. 23-[_____] ([____])

## LIST OF EQUITY HOLDERS

      The following is a list of debtor Forma Brands, LLC's significant equity holders.  This list has been prepared in accordance with Federal Rule of Bankruptcy Procedure 1007(a)(3) for filing in this chapter 11 case.

| Equity Holder | Address of Equity Holder | Percentage of Equity Held |
|---|---|---|
| FB Debt Financing Guarantor, LLC | 10303 Norris Avenue Pacoima, CA 91331 | 100% |

| Fill in this information to identify the case: |
| --- |

Debtor name _____

United States Bankruptcy Court for the: <u>District of Delaware</u>
(State)

Case number (If known): _____

☐ Check if this is an
amended filing

## Official Form 204

# Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 50 Largest Unsecured Claims and Are Not Insiders

**12/15**

A list of creditors holding the 50 largest unsecured claims must be filed in a Chapter 11 or Chapter 9 case. Include claims which the debtor disputes. Do not include claims by any person or entity who is an *insider,* as defined in 11 U.S.C. § 101(31).  Also, do not include claims by secured creditors, unless the unsecured claim resulting from inadequate collateral value places the creditor among the holders of the 50 largest unsecured claims.

| Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim<br>If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
| --- | --- | --- | --- | --- | --- | --- |
| | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured Claim |
| 1<br>Rapid Displays, Inc<br>Attn: Ariel Haroush, President & Founder<br>33195 Lewis Avenue<br>Union City, CA 94555 | Rapid Displays, Inc<br>Attn: Ariel Haroush, President & Founder<br>TEL: 510-431-0700<br>FAX : 510-471-6955<br>EMAIL : mstefanski@rapiddisplays.com | Trade Vendor | Contingent, Disputed | $11,720,921.40 | | $11,720,921.40 |
| 2<br>Wan Siang Trading Co, Ltd<br>Attn: President or General Counsel<br>No. 101 1 Floor Chong Xue Road<br>Eastern Sub<br>Tainan<br>Taiwan<br><br>Sheencol'Or Biotech Ltd<br>Attn: President or General Counsel<br>Grand Metro Cosmetics Company<br>No.2, Gongye 3rd Rd<br>Tainan City, Annan District 709<br>Taiwan | Wan Siang Trading Co, Ltd<br>Attn: President or General Counsel<br>TEL: 86 7567722898<br>EMAIL: cindy@sheencolor.com<br><br>Sheencol'Or Biotech Ltd<br>Attn: President or General Counsel<br>TEL: 86 756 7722898 ext.891<br>EMAIL: connie@sheencolor.com | Trade Vendor | | $3,692,841.03 | | $3,692,841.03 |
| 3<br>Shanghai Zhenxin Biotechnology Co. Ltd<br>Attn: President or General Counsel<br>No 121 Yezhuang Road<br>Fengxian District<br>Shanghai<br>China<br><br>A&H International Cosmetics Co., Ltd<br>Attn: President or General Counsel<br>No.338 Zhuang Wu Road<br>Zhuanghang Town, Fengxian District<br>Shanghai 201415<br>China | Shanghai Zhenxin Biotechnology Co. Ltd<br>Attn: President or General Counsel<br>TEL: +86(0)21-50610052<br><br>A&H International Cosmetics Co., Ltd<br>Attn: President or General Counsel<br>TEL : 0086 18017199589<br>EMAIL : sales06@a-hcosmetics.com | Trade Vendor | | $2,280,708.96 | | $2,280,708.96 |
| 4<br><br>James Dickinson<br>Address on File | James Dickinson<br>Address on File | Contract | Disputed | $2,163,157.74 | | $2,163,157.74 |
| 5<br><br>Jaclyn Hill<br>301 W Platt #632<br>Tampa, FL 33606 | Jaclyn Hill<br>TEL: 813-405-7006<br>EMAIL: jaclyn@jaclynhillcosmetics.com | Contract | | $2,008,636.30 | | $2,008,636.30 |

| code | Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim |  |  |
|---|---|---|---|---|---|---|---|
|  |  |  |  |  | If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. |  |  |
|  |  |  |  |  | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured Claim |
| 6 | Intercos America, Inc.<br>Attn: Philippe Warner, Chief Executive Officer North America<br>11 Centerock Road<br>West Nyack, NY 10994<br><br>Intercos Europe Spa<br>Attn : Renato Semerari, Chief Executive Officer<br>Str. Provinciale 472 Bergamina<br>26010 Dovera – Cr<br>Italy<br><br>Intercos Korea Inc<br>Attn : Renato Semerari, Chief Executive Officer<br>40-38 Gajangsaneopseobuk-Ro<br>Osan-Si Gyeonggi-Do 18103<br>Korea, Republic of<br><br>Interfila Cosmetics (Shanghai) Co. Ltd<br>Attn: Renato Semerari, Chief Executive Officer<br>No 1898, Daye Highway<br>Zhuanghang Town, Fengxian District<br>China | Intercos America, Inc.<br>Attn: Philippe Warner, Chief Executive Officer North America<br>TEL : 845-267-3621<br>FAX : 845-268-4777<br>EMAIL : andrewornstein@intercos.it<br><br>Intercos Europe Spa<br>Attn : Renato Semerari, Chief Executive Officer<br>TEL : 39 037379291; 39 039 6552267<br>FAX : 39 0373 929254<br>EMAIL : elisabodio@intercos.it<br><br>Intercos Korea Inc<br>Attn : Renato Semerari, Chief Executive Officer<br>TEL : 82-10-3909-4133<br>EMAIL: jurichoi@intercoskr.com<br><br>Interfila Cosmetics (Shanghai) Co. Ltd<br>Attn: Renato Semerari, Chief Executive Officer<br>TEL: 86-21-57406821-30<br>FAX: 86-21-57405577<br>EMAIL: jqiu@interfilash.com | Trade Vendor | Contingent, Disputed | $1,817,464.81 |  | $1,817,464.81 |
| 7 | Jeffree Star<br>Address on File | Jeffree Star<br>Address on File | Contract | Contingent, Disputed | $1,416,681.06 |  | $1,416,681.06 |
| 8 | Beautydom Cosmetics<br>Attn: President or General Counsel<br>Meihua Road, Humei Village, Qishi Town<br>Dongguan Guangdong Province 523499<br>China | Beautydom Cosmetics<br>Attn: President or General Counsel<br>TEL : 86-755-26835960<br>EMAIL : sales@beautydom-cn.com | Trade Vendor |  | $1,369,785.16 |  | $1,369,785.16 |
| 9 | Ithaca Media Ventures, LLC (AGRB LLC)<br>Attn: Jules Ferree, President<br>2110 Colorado Ave., Suite 200<br>Santa Monica, CA 90404 | Ithaca Media Ventures, LLC (AGRB LLC)<br>Attn: Jules Ferree, President<br>EMAIL : jules@scooterbraun.com | Contract |  | $1,268,814.29 |  | $1,268,814.29 |
| 10 | PT Kemas Indah Maju<br>Attn: President or General Counsel<br>Jl. Rawa Terate 2 No.16, Kawasan Industri Pulo Gadung<br>Kelurahan Jatinegara. Kecamatan Cakung<br>Jakarta Timur<br>Indonesia | PT Kemas Indah Maju<br>Attn: President or General Counsel<br>TEL : 917-858-8471<br>EMAIL : darren@ptkemas.com | Trade Vendor |  | $1,051,974.21 |  | $1,051,974.21 |
| 11 | Wunderkind Corporation<br>Attn: Ryan Urban, President<br>1 World Trade Center Floor 74<br>New York, NY 10007 | Wunderkind Corporation<br>Attn: Ryan Urban, President<br>PHONE : 212-292-3162<br>EMAIL : invoices@wunderkind.co | Trade Vendor |  | $1,026,547.92 |  | $1,026,547.92 |
| 12 | Toly Usa Inc<br>Attn: Andy Gatesy, Chief Executive Officer, and Chairman<br>10 Times Square, 6th Floor<br>New York, NY 10018 | Toly Usa Inc<br>Attn: Andy Gatesy, Chief Executive Officer, and Chairman<br>TEL : 646-434-8872<br>EMAIL : kku@toly.com | Trade Vendor |  | $961,742.74 |  | $961,742.74 |
| 13 | Alvarez & Marsal Private Equity Performance Improvement Group, LLC<br>Attn: Liz Carrington, Treasurer<br>600 Madison Avenue, 8th Floor<br>New York, NY 10022 | Alvarez & Marsal Private Equity Performance Improvement Group, LLC<br>Attn: Liz Carrington, Treasurer<br>TEL : 646-495-3543<br>EMAIL : treasury@alvarezandmarsal.com | Professional Services |  | $915,115.04 |  | $915,115.04 |
| 14 | Art Cosmetics Srl / Art Cosmetics S.R.L. Georgie<br>Attn: Lori Kutch, President<br>Via Marconi 18-20<br>24040 - Fornovo<br>San Giovanni (BG)<br>Italy | Art Cosmetics Srl / Art Cosmetics S.R.L. Georgie<br>Attn: Lori Kutch, President<br>TEL: 39-0363-547001<br>EMAIL: marianna.boscaro@artcosmetics.it | Trade Vendor |  | $849,885.04 |  | $849,885.04 |

| Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Indicate if claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|
| | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured Claim |
| 15 Shenzhen Xinxinlei<br>鑫鑫蕾毛刷制品有限公司<br>Attn: President or General Counsel<br>Block 101, No.17 Guanlan Avenue<br>Xikeng Community, Fucheng Street, Longhua District,<br>Shenzhen 518110<br>China | Shenzhen Xinxinlei<br>鑫鑫蕾毛刷制品有限公司<br>Attn: President or General Counsel<br>TEL : 86-755-28130778<br>EMAIL : landy.z@xinleibrush.com | Trade Vendor | | $815,814.58 | | $815,814.58 |
| 16 GGP Ala Moana LLC<br>Attn: Ronald L Gern, Senior Vice-President<br>Ala Moana Center<br>P.O. Box 860267<br>Minneapolis, MN 55486-0267 | GGP Ala Moana LLC<br>Attn: Ronald L Gern, Senior Vice-President<br>TEL : 312-960-5434<br>EMAIL:<br>alamoanacenterach@brookfieldpropertiesretail.com | Real Property Lease | | $807,605.07 | | $807,605.07 |
| 17 Belen Hernandez (with State of California & Class)<br>c/o Edwin Aiwazian<br>Lawyers for Justice, PC<br>410 West Arden Avenue, Suite 203<br>Glendale, CA 91203 | Belen Hernandez (with State of California & Class)<br>Attn: Edwin Aiwazian<br>TEL : (818) 265-1020 | CA PAGA Claim - Settlement | | $750,000.00 | | $750,000.00 |
| 18 Garrett Hewitt International<br>Attn: Jason Clerke, President<br>21 Old Main St., Suite 106<br>Fishkill, NY 12524 | Garrett Hewitt International<br>Attn: Jason Clerke, President<br>TEL : 845-896-4204<br>FAX : 845-896-2652<br>EMAIL : denise@garretthewitt.com | Trade Vendor | | $715,314.60 | | $715,314.60 |
| 19 Dadeland Mall / SDG Dadeland Associates Inc<br>Attn: President or General Counsel<br>P.O. Box 644076<br>Pittsburgh, PA 15264-4076 | Dadeland Mall / SDG Dadeland Associates Inc<br>Attn: President or General Counsel<br>TEL: 305.665.6227<br>FAX : 305-665-5012<br>EMAIL : simon-0735@simon.com | Real Property Lease | | $676,036.74 | | $676,036.74 |
| 20 Water Tower Joint Venture<br>Attn: Derek Norton, Founder and Managing General Partner<br>Water Tower Place<br>SDS-12-3035, P.O. Box 86<br>Minneapolis, MN 55486-3035 | Water Tower Joint Venture<br>Attn: Derek Norton, Founder and Managing General Partner<br>TEL : 312-960-2598<br>EMAIL :<br>watertowerplaceach@brookfieldpropertiesretail.com | Real Property Lease | | $674,039.58 | | $674,039.58 |
| 21 Diamond Packaging<br>Attn: Karla Fichter, Chief Executive Officer<br>P.O. Box 64676<br>Baltimore, MD 21264-6467 | Diamond Packaging<br>Attn: Karla Fichter, Chief Executive Officer<br>TEL : 585-344-8030 EXT 203<br>FAX : 585-334-9141<br>EMAIL : sburrs@diamondpackaging.com | Trade Vendor | | $638,736.53 | | $638,736.53 |
| 22 Taikone Technology Limited<br>Attn: President or General Counsel<br>Suifengnian Industrial Park,<br>Shatian Town<br>Dongguan, Guangdong 523980<br>China | Taikone Technology Limited<br>Attn: President or General Counsel<br>TEL : 86-769-89962228<br>EMAIL : ruth.yu@taikone.com | Trade Vendor | | $576,936.95 | | $576,936.95 |
| 23 King Of Prussia Associates<br>Attn: President or General Counsel<br>P.O. Box 829412<br>Philadelphia, PA 19182-9412 | King Of Prussia Associates<br>Attn: President or General Counsel<br>TEL : 317-656-3309<br>EMAIL : simon-7703@simon.com | Real Property Lease | | $575,276.88 | | $575,276.88 |
| 24 JJX Packaging Group<br>东莞市嘉耀兴包装制品有限公司<br>Attn: President or General Counsel<br>A01 Huan Zhuli Industrial Rd<br>Changping Town, Dongguan City<br>523585<br>China | JJX Packaging Group<br>东莞市嘉耀兴包装制品有限公司<br>Attn: President or General Counsel<br>TEL: 86 157 7300 0748<br>EMAIL : sales25@jyxpackaging.com | Trade Vendor | | $520,007.45 | | $520,007.45 |
| 25 Space Brands Limited<br>Attn: President or General Counsel<br>5Th Floor, Shropshire, 11-20<br>Capper Street<br>London, WC1E 6JA<br>United Kingdom | Space Brands Limited<br>Attn: President or General Counsel<br>TEL : (44) (0) 207.299.4999<br>EMAIL : graham.taylor@spacenk.com | Contract | | $495,079.50 | | $495,079.50 |
| 26 Zhejiang Meeue Cosmetics Co. Ltd / Yiwu Linkbeauty Biotechnology Co Ltd<br>Attn: President or General Counsel<br>699 Chunyue Road, Beiyuan<br>Industrial Area<br>Zhejiang 322000<br>China | Zhejiang Meeue Cosmetics Co. Ltd / Yiwu Linkbeauty Biotechnology Co Ltd<br>Attn: President or General Counsel<br>TEL: 86-0579-85617909<br>EMAIL : jif@meixuecosmetics.com | Trade Vendor | | $474,680.99 | | $474,680.99 |

| Name of creditor and complete mailing address including zip code | Name, telephone number, and email address of creditor contact | Nature of claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim. If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|
| | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured Claim |
| 27 Pixlee, Inc Attn: Kyle Wong, Co-Founder & Chief Executive Officer 2443 Fillmore St #380-18365 San Francisco, CA 94115 | Pixlee, Inc Attn: Kyle Wong, Co-Founder & Chief Executive Officer TEL : (650) 740-6975 EMAIL : ar@pixleeteam.com | Trade Vendor | | $436,601.00 | | $436,601.00 |
| 28 Towson TC, LLC (Towson Town Center) Attn: President or General Counsel Towson Town Center SDS-12-2891, P.O. Box 86 Minneapolis, MN 55486-2891 | Towson TC, LLC (Towson Town Center) Attn: President or General Counsel TEL: 312-960-5401 EMAIL: towsontowncenterach@brookfieldpropertiesretail.com | Real Property Lease | | $432,637.73 | | $432,637.73 |
| 29 MOAC Mall Holdings LLC Attn: President or General Counsel Nw 5826 P.O. Box 1450 Minneapolis, MN 55485-5826 | MOAC Mall Holdings LLC Attn: President or General Counsel TEL : 952-883-8530 EMAIL : al.hines@moa.net | Real Property Lease | | $426,982.83 | | $426,982.83 |
| 30 Ameream LLC Attn: President or General Counsel One Meadowlands Plaza, 14th Floor East Rutherford, NJ 07073 | Ameream LLC Attn: President or General Counsel TEL : 201-340-2900 EMAIL : tenant.billing@americandream.com | Real Property Lease | | $421,320.07 | | $421,320.07 |
| 31 Newport Centre, LLC Attn: President or General Counsel (Newport Associates Phase I Developers Limited Partnership) 867545 Reliable Parkway Chicago, IL 60686-0075 | Newport Centre, LLC Attn: President or General Counsel TEL : 317-685-7342 EMAIL : jsiebein@simon.com | Real Property Lease | | $414,832.39 | | $414,832.39 |
| 32 HCP Packaging Hong Kong Limited Attn: Eddy Wu, President & Chief Executive Officer Room 1317, Leighton Centre Leighton Road Causeway Bay Hong Kong HCP Packaging USA Inc Attn: Charles Chang, President & Chief Executive Officer 370 Monument Road Hinsdale, NH 03451 | HCP Packaging Hong Kong Limited Attn: Eddy Wu, President & Chief Executive Officer TEL : 00852-28811803 EMAIL : penny_chan@hcppackaging.com HCP Packaging USA Inc Attn: Charles Chang, President & Chief Executive Officer TEL: 603-256-3141 EXT 375 FAX : 603-256-6979 EMAIL : kdunham@hcppackaging.com | Trade Vendor | | $399,915.86 | | $399,915.86 |
| 33 Suva Beauty Inc Attn: Shaina Azad, Chief Executive Officer 140-19288 22 Ave Surrey BC V3Z 3S6 Canada | Suva Beauty Inc Attn: Shaina Azad, Chief Executive Officer TEL : 604-283-4033 EMAIL : trevor.haynes@suvabeauty.com | Trade Vendor | | $398,009.25 | | $398,009.25 |
| 34 Struc Design, LLC Attn: Leticia Fernandez. Director of Operations 7444 Valjean Ave Van Nuys, CA 91406 | Struc Design, LLC Attn: Leticia Fernandez. Director of Operations TEL : 310-741-9324 EMAIL : shane@strucdesign.com | Trade Vendor | | $393,423.39 | | $393,423.39 |
| 35 Santa Cruz Nutritionals Attn: Carlyn D Solomon, Chief Executive Officer 2200 Delaware Ave Santa Cruz, CA 95060 | Santa Cruz Nutritionals Attn: Carlyn D Solomon, Chief Executive Officer TEL : 831-471-3114 FAX : 831-460-1417 EMAIL : kgarnett@scnutr.com | Trade Vendor | | $378,318.72 | | $378,318.72 |
| 36 220 Laboratories Attn: Yoram Fishman, Chief Executive Officer 2375 Third Street Riverside, CA 92507 | 220 Laboratories Attn: Yoram Fishman, Chief Executive Officer TEL : 818-644-7831 FAX : 951-683-0952 EMAIL : alevy@220labs.com | Trade Vendor | | $374,741.40 | | $374,741.40 |
| 37 Roosevelt Field Attn: President or General Counsel P.O. Box 772854 Chicago, IL 60677-2854 | Roosevelt Field Attn: President or General Counsel TEL : 317-263-8192 EMAIL : kevin.mull@simon.com | Real Property Lease | | $356,282.31 | | $356,282.31 |

| Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Indicate if claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured Claim |
|---|---|---|---|---|---|---|
| **38**<br>Aventura Mall Venture<br>Attn: President or General Counsel<br>P.O. Box 947006<br>Atlanta, GA 30394-7006 | Aventura Mall Venture<br>Attn: President or General Counsel<br>TEL: 305-933-5546<br>EMAIL: eperez@turnberry.com | Real Property Lease | | $352,468.76 | | $352,468.76 |
| **39**<br>Prtnrs Mgmt Inc (Ariel Tejada)<br>Attn: Marissa Alfe & Lauren Fitzgerald, Partners<br>19702 Pine Canyon Rd.<br>Santa Ana, CA 92705 | Prtnrs Mgmt Inc (Ariel Tejada)<br>Attn: Marissa Alfe & Lauren Fitzgerald, Partners<br>TEL: 714-329-1097<br>EMAIL: lauren@theprtnrs.com | Contract | | $345,977.43 | | $345,977.43 |
| **40**<br>Fusion Packaging, I, LP<br>Attn: Derek Harvey and Jonathan Gross, Co-Founder<br>35 Thousands Oaks Blvd<br>Morgantown, PA 19543<br><br>Fusionpkg Beauty Lab<br>Attn: Derek Harvey, Co-Founder<br>Via Cesare Cattaneo 8<br>Cantu Co 22063<br>Italy | Fusion Packaging, I, LP<br>Attn: Derek Harvey and Jonathan Gross, Co-Founder<br>TEL: 415-305-4918<br>EMAIL : jfieldman@fusionpkg.com<br><br>Fusionpkg Beauty Lab<br>Attn: Derek Harvey, Co-Founder<br>TEL: 415-305-4918<br>EMAIL: jfieldman@fusionpkg.com | Trade Vendor | | $344,955.18 | | $344,955.18 |
| **41**<br>Southpark Mall Limited Partnership<br>Attn: President or General Counsel<br>P.O. Box 409276<br>Atlanta, GA 30384-9276 | Southpark Mall Limited Partnership<br>Attn: President or General Counsel<br>TEL: 317-263-2274<br>EMAIL : simon-7605@simon.com | Real Property Lease | | $329,722.15 | | $329,722.15 |
| **42**<br>VF Mall LLC<br>Attn: President or General Counsel<br>P.O. Box 55702<br>Los Angeles, CA 90074 | VF Mall LLC<br>Attn: President or General Counsel<br>TEL : 310-445-6846<br>EMAIL : usarremittances@urw.com | Real Property Lease | | $316,570.78 | | $316,570.78 |
| **43**<br>Tampa Westshore Associates LP<br>Attn: President or General Counsel<br>Department 177001<br>P.O. Box 67000<br>Detroit, MI 48267-1770 | Tampa Westshore Associates LP<br>Attn: President or General Counsel<br>TEL : 248-258-7576<br>EMAIL : internationalplaza_remit@taubman.com | Real Property Lease | | $269,991.26 | | $269,991.26 |
| **44**<br>P Louise<br>Attn: President or General Counsel<br>The Old Bakery, Green Street<br>Lytham, St Annes FY8 5LG<br>United Kingdom | P Louise<br>Attn: President or General Counsel<br>TEL : 07852721251<br>EMAIL : vicky@hivehublondon.com | Trade Vendor | | $245,996.40 | | $245,996.40 |
| **45**<br>Westland Garden State Plaza Limited Partnership<br>Attn: Legal Department<br>2049 Century Park East, 41St Floor<br>Los Angeles, CA 90067 | Westland Garden State Plaza Limited Partnership<br>Attn: Legal Department<br>TEL : 310-689-2636<br>EMAIL : usarremittances@urw.com | Real Property Lease | | $244,383.62 | | $244,383.62 |
| **46**<br>Northpark Partners LP<br>Attn: President or General Counsel<br>P.O. Box 829007<br>Dallas, TX 75382-9007 | Northpark Partners LP<br>Attn: President or General Counsel<br>TEL : 214-369-1234<br>EMAIL : jtanzola@northparkcntr.com | Real Property Lease | | $216,760.42 | | $216,760.42 |
| **47**<br>Ceva Freight LLC<br>Attn: President or General Counsel<br>Mail Code 5003<br>P.O. Box 660367<br>Dallas, TX 75266-0367 | Ceva Freight LLC<br>Attn: President or General Counsel<br>TEL: 281-618-3291<br>EMAIL: dg-gl<br>morpheremittance@cevalogistics.com | Freight | | $214,449.76 | | $214,449.76 |
| **48**<br>CDG - Cosmetic Design Group, LLC<br>Attn: Maurice Rasgon, Founder and Chairman<br>50 County Line Rd.<br>Branchburg, NJ 08876 | CDG - Cosmetic Design Group, LLC<br>Attn: Maurice Rasgon, Founder and Chairman<br>TEL : 973-805-6500<br>EMAIL : accounting@cdgbeauty.com | Trade Vendor | | $209,283.38 | | $209,283.38 |

| Name of creditor and complete mailing address including zip code | Name, telephone number, and email address of creditor contact | Nature of claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|
| | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured Claim |
| 49 Nabla Cosmetics, Inc Attn: Cristiano De Simone, Co-Founder and Chief Executive Officer 234 West 39th Street 2 Fl New York, NY 10018 | Nabla Cosmetics, Inc Attn: Cristiano De Simone, Co-Founder and Chief Executive Officer TEL : +390283626903 | Trade Vendor | | $205,848.00 | | $205,848.00 |
| 50 Bentley Laboratories, LLC Attn: Brian Fitzpatrick, Chief Executive Officer 111 Fieldcrest Avenue Edison, NJ 08837 *At the request at the U.S. Trustee, the Debtors have included Playa Products, Inc.'s largest unsecured creditor, Bentley Laboratories, LLC, even though Bentley Laboratories, LLC would otherwise be the Debtors' 51st creditor on a consolidated basis. | Bentley Laboratories, LLC Attn: Brian Fitzpatrick, Chief Executive Officer TEL : 732-512-0200 EXT 224 FAX : 732-512-0208 EMAIL : ndonelly@bentleylabs.com | Trade Vendor | | $188,976.00 | | $188,976.00 |
| 51 Shelby Wild Attn: Nathan A. Holcomb ESQ., PC 125 Park Avenue, Suite 2618 New York, NY 10017 | Shelby Wild Attn: Nathan A. Holcomb ESQ., PC TEL : 646-819-0303 EMAIL : nholcomb@holcombpc.com | Contract | Contingent, Unliquidated, Disputed | Unknown | | Unknown |

**Fill in this information to identify the case:**

Debtor name    **Forma Brands, LLC**

United States Bankruptcy Court for the:    DISTRICT OF DELAWARE

Case number (if known)    _____

☐ Check if this is an amended filing

Official Form 202

# Declaration Under Penalty of Perjury for Non-Individual Debtors    12/15

An individual who is authorized to act on behalf of a non-individual debtor, such as a corporation or partnership, must sign and submit this form for the schedules of assets and liabilities, any other document that requires a declaration that is not included in the document, and any amendments of those documents. This form must state the individual's position or relationship to the debtor, the identity of the document, and the date. Bankruptcy Rules 1008 and 9011.

WARNING -- Bankruptcy fraud is a serious crime. Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

## Declaration and signature

I am the president, another officer, or an authorized agent of the corporation; a member or an authorized agent of the partnership; or another individual serving as a representative of the debtor in this case.

I have examined the information in the documents checked below and I have a reasonable belief that the information is true and correct:

☐   *Schedule A/B: Assets–Real and Personal Property* (Official Form 206A/B)
☐   *Schedule D: Creditors Who Have Claims Secured by Property* (Official Form 206D)
☐   *Schedule E/F: Creditors Who Have Unsecured Claims* (Official Form 206E/F)
☐   *Schedule G: Executory Contracts and Unexpired Leases* (Official Form 206G)
☐   *Schedule H: Codebtors* (Official Form 206H)
☐   *Summary of Assets and Liabilities for Non-Individuals* (Official Form 206Sum)
☐   Amended *Schedule* _____
☑   *Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 50 Largest Unsecured Claims and Are Not Insiders* (Official Form 204)
☑   Other document that requires a declaration    **Corporate Ownership Statement; List of Equity Holders**

I declare under penalty of perjury that the foregoing is true and correct.

Executed on    <u>1/12/2023</u>     **X**   /s/ Stephen Marotta
                                     Signature of individual signing on behalf of debtor

                                       **Stephen Marotta**
                                       Printed name

                                       **Chief Restructuring Officer**
                                       Position or relationship to debtor

## FB DEBT FINANCING GUARANTOR, LLC
## OFFICER'S CERTIFICATE

January 11, 2023

The undersigned, as an Authorized Officer of FB Debt Financing Guarantor, LLC (the "Company") hereby certifies, solely in his capacity as an officer of the Company and not in any individual capacity, as follows:

1. I am the duly qualified and elected Chief Restructuring Officer of the Company and, as such, I am familiar with the facts herein certified and I am duly authorized to certify the same on behalf of the Company.

2. Attached hereto are true, complete, and correct copies of the resolutions of the Strategic Committee of the Company, duly adopted at a properly convened meeting of the Strategic Committee on January 11, 2023 (the "Resolutions").

3. Since their adoption, the Resolutions have not been modified, rescinded, or amended and are in full force and effect as of the date hereof, and the Resolutions are the only resolutions adopted by the Strategic Committee relating to the authorization and ratification of all corporate actions taken in connection with the matters referred to therein.

*[Signature page follows]*

IN WITNESS WHEREOF, have hereto set my hand on behalf of the Company as of the date hereof.

FB DEBT FINANCING GUARANTOR,
LLC, with respect to the Strategic Committee

/s/ Stephen Marotta
Name: Stephen Marotta
Title: Chief Restructuring Officer

*EXECUTION*

**RESOLUTIONS FOR CONSIDERATION
BY THE STRATEGIC COMMITTEE OF
FB DEBT FINANCING GUARANTOR, LLC**

January 11, 2023

WHEREAS, pursuant to notice duly given, a telephonic meeting (the "Meeting") of the members of the strategic committee (the "Strategic Committee") of the board of managers (the "Board") of FB Debt Financing Guarantor, LLC ("FB Debt Financing Guarantor"), a Delaware limited liability company, being the manager (the "Manager") of each of the companies listed on Schedule 1 (together, the "Companies" and each, a "Company") was convened on January 11, 2023;

WHEREAS, the Strategic Committee has considered presentations by the management and the financial and legal advisors of the Companies regarding the liabilities and liquidity situation of the Companies, the strategic alternatives available to it, and the effect of the foregoing on each Company's business;

WHEREAS, the Strategic Committee has had the opportunity to consult with the management and the financial and legal advisors of the Companies and fully consider each of the strategic alternatives available to the Companies;

WHEREAS, after a marketing process and negotiations with its stakeholders, the Companies have negotiated with the prepetition secured lenders party to (i) that certain First Lien Credit Agreement, dated as of August 16, 2019 (as amended, restated, amended and restated, supplemented or otherwise modified from time to time), by and among Morphe, LLC, a Delaware limited liability company ("Morphe"), as borrower, FB Debt Financing Guarantor, Forma Brands, LLC, a Delaware limited liability company, the FB Debt Financing Guarantor's direct and indirect domestic subsidiaries, as guarantors, the lenders from time to time party thereto, and Jefferies Finance LLC, as administrative and collateral agent (the "Prepetition Credit Agreement"), and (ii) that certain Note Purchase Agreement, dated as of January 7, 2022 (as may be amended, restated, amended and restated, supplemented, or otherwise modified from time to time) by and among Forma Brands, LLC, a Delaware limited liability company, as the issuer and FB Intermediate Holdings, LLC, a Delaware limited liability company, as the holder (the "Prepetition NPA") to provide a superpriority debtor-in-possession credit facility (the "DIP Credit Facility") to the Companies, which would be used to fund the Companies' operations in the ordinary course, fund the administration of the Chapter 11 Cases (as defined herein), and pay the claims of certain vendors, employees, and other stakeholders in the ordinary course of business during the Chapter 11 Cases;

WHEREAS, the Strategic Committee has been advised of the material terms of the DIP Credit Facility, by and among Morphe, as borrower, FB Debt Financing Guarantor, each of FB Debt Financing Guarantor's direct and indirect domestic subsidiaries (other than Morphe), as guarantors, the lenders party thereto from time to time (collectively, the "DIP Lenders"), and Jefferies Finance LLC, as administrative and collateral agent (the "DIP Agent") (with such changes, additions, deletions, amendments, or other modifications thereto as each Authorized

Signatory (as defined below) may in its sole and absolute discretion approve (together with all exhibits, schedules, and annexes thereto, the "<u>DIP Credit Agreement</u>"));

WHEREAS, the Strategic Committee has reviewed and considered presentations by the management and financial and legal advisors of the Companies regarding the DIP Credit Facility and DIP Credit Agreement;

WHEREAS, the obligation of the DIP Lenders to make the extensions of credit to the Companies is subject to, among other things, the Companies entering into the DIP Credit Agreement or satisfying certain conditions in the DIP Credit Agreement, as applicable;

WHEREAS, the Companies will obtain benefits from the DIP Credit Agreement and it is advisable and in the best interests of the Companies to enter into the DIP Credit Agreement and each other Credit Document (as defined in the DIP Credit Agreement) and to perform its obligations thereunder, including granting liens, guarantees, and equity pledges;

WHEREAS, the Purchaser (as defined in that certain Asset Purchase Agreement, dated as of the date hereof (the "<u>APA</u>"), by and among FB Acquisition LLC, a Delaware limited liability company, FB Debt Financing Guarantor, and the other subsidiaries of FB Debt Financing Guarantor party thereto as set forth on the signature pages thereto) and the Companies have negotiated the APA to govern the terms of the Purchaser's purchase of certain assets (the "<u>Assets</u>") and assumption of certain liabilities from the Companies, subject to the receipt of a higher or otherwise better offer;

WHEREAS, the Strategic Committee has reviewed the material terms of the APA (together with each of the other certificates, documents, agreements, and schedules contemplated under the APA, the "<u>APA Documents</u>"), and after due consideration and deliberation, determined that each of the transactions contemplated by the APA and the APA Documents (the "<u>APA Transactions</u>") are advisable, fair to, and in the best interests of each Company and its respective creditors and stakeholders;

WHEREAS, the consummation of the APA Transactions is subject to the Companies filing a motion (the "<u>Sale Motion</u>") with the Bankruptcy Court (as defined herein) seeking, among other things, approval of (i) an auction process (the "<u>Auction</u>") that will govern the marketing and sale of the Assets through certain bidding procedures (the "<u>Bidding Procedures</u>") to the Purchaser or another bidder with the highest or otherwise best offer (such bidder, the "<u>Successful Bidder</u>") and (ii) the Purchaser as the "stalking horse" bidder and certain related bid protections;

WHEREAS, the Strategic Committee has had an opportunity to consult with each of the Companies' financial and legal advisors and review the chapter 11 preparation materials provided by each of the Companies' financial and legal advisors, and the Strategic Committee recommends and hereby authorizes the filing of chapter 11 petitions and first day motions, the entry into the DIP Credit Agreement, the entry into the APA Documents and APA Transactions, and the Auction contemplated by the Sale Motion; and

WHEREAS, the Authorizing Body deems it advisable and in the best interests of the Companies to appoint Alan Leavitt as Secretary of the Companies.

NOW, THEREFORE, the Strategic Committee hereby directs the Manager to take the following actions and adopts the following resolutions pursuant to the respective organizational documents of each Company, and the laws of the state of Delaware:

**Chapter 11 Filing**

RESOLVED, that in the judgment of the Strategic Committee, it is desirable and in the best interests of each Company, its creditors, and other parties in interest that it shall be, and hereby is, authorized to file, or cause to be filed, a voluntary petition for relief (the "Chapter 11 Cases") under the provisions of chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court") and any other petition for relief or recognition or other order that may be desirable under applicable law in the United States.

RESOLVED, that the Strategic Committee, the Manager, each of the President, Chief Financial Officer, Chief Restructuring Officer, General Counsel, Secretary, any Vice President, or any other duly appointed officer of each Company and authorized by the Manager to act on behalf of each Company (collectively, the "Authorized Signatories"), acting alone or with one or more other Authorized Signatories be, and they hereby are, authorized, empowered and directed to (i) execute and file on behalf of each Company all petitions, affidavits, declarations, first day motions, schedules, statements of financial affairs, lists and other motions, applications, pleadings, papers, or documents; (ii) take and perform any and all action that they deem necessary or proper to obtain such relief, including, without limitation, any action necessary to maintain the ordinary course operation of each Company's business; (iii) appear as necessary at all bankruptcy proceedings on behalf of each Company; and (iv) pay all such expenses where necessary or appropriate in order to carry out fully the intent and accomplish the purposes of the resolutions adopted herein.

RESOLVED, that the actions of any Authorized Signatory taken pursuant to the preceding resolution, including the execution, acknowledgment, delivery, and verification of the petition and all ancillary documents and all other agreements, certificates, instruments, guaranties, notices, and other documents, shall be conclusive evidence of such Authorized Signatory's approval and the necessity or desirability thereof.

**Retention of Professionals**

RESOLVED, that each of the Authorized Signatories be, and hereby is, authorized and directed to employ the law firm of Ropes & Gray LLP ("Ropes") as general bankruptcy counsel to represent and assist each Company in carrying out its duties under the Bankruptcy Code, and to take any and all actions to advance each Company's rights and obligations, including filing any motions, objections, replies, applications, or pleadings; and in connection therewith, each of the Authorized Signatories, with power of delegation, is hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers, and to cause to be filed an appropriate application for authority to retain the services of Ropes.

RESOLVED, that each of the Authorized Signatories be, and hereby is, authorized and directed to employ the firm of Configure Partners, LLC ("Configure") as investment banker to the Companies to represent and assist each Company in carrying out its duties under the Bankruptcy Code, and to

take any and all actions to advance each Company's rights and obligations; and in connection therewith, each of the Authorized Signatories, with power of delegation, is hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers, and to cause to be filed an appropriate application for authority to employ or retain the services of Configure.

RESOLVED, that each of the Authorized Signatories be, and hereby is, authorized and directed to employ the firm of Ankura Consulting Group, LLC ("Ankura") to provide a Chief Restructuring Officer, Director of Human Resources, and additional necessary personnel as required and approved by the Companies to represent and assist each Company in carrying out its duties under the Bankruptcy Code, and to take any and all actions to advance each Company's rights and obligations; and in connection therewith, each of the Authorized Signatories, with power of delegation, is hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers, and to cause to be filed an appropriate application for authority to employ or retain the services of Ankura.

RESOLVED, that each of the Authorized Signatories be, and hereby is, authorized and directed to employ the firm of Kroll, LLC ("Kroll") as notice and claims agent to represent and assist each Company in carrying out its duties under the Bankruptcy Code, and to take any and all actions to advance each Company's rights and obligations; and in connection therewith, each of the Authorized Signatories, with power of delegation, is hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers, and to cause to be filed appropriate applications for authority to retain the services of Kroll.

RESOLVED, that each of the Authorized Signatories be, and hereby is, authorized and directed to employ the firm of Bayard, P.A. ("Bayard") as local Delaware counsel to represent and assist each Company in carrying out its duties under the Bankruptcy Code, and to take any and all actions to advance each Company's rights and obligations; and in connection therewith, each of the Authorized Signatories, with power of delegation, is hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers, and to cause to be filed appropriate applications for authority to retain the services of Bayard.

RESOLVED, that each of the Authorized Signatories be, and hereby is, authorized and directed to employ any other professionals to assist each Company in carrying out its duties under the Bankruptcy Code; and in connection therewith, each of the Authorized Signatories, with power of delegation, is hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers and fees, and to cause to be filed an appropriate application for authority to retain the services of any other professionals as necessary.

RESOLVED, that each of the Authorized Signatories be, and hereby is, with power of delegation, authorized, empowered and directed to execute and file all petitions, schedules, motions, lists, applications, pleadings, and other papers and, in connection therewith, to employ and retain all assistance by legal counsel, accountants, financial advisors, and other professionals and to take and perform any and all further acts and deeds that each of the Authorized Signatories deems necessary, proper, or desirable in connection with the Companies' Chapter 11 Cases, with a view to the successful prosecution of such case.

**DIP Facility**

RESOLVED, the transactions contemplated by the DIP Credit Agreement (including, without limitation, the borrowings thereunder), the transactions contemplated therein, and the guaranties, liabilities, obligations, and guarantees, liens, and equity pledges granted in connection therewith, be, and hereby are, authorized, adopted and approved with such lenders and on such terms substantially consistent with those presented to the Strategic Committee on or prior to the date hereof and as may be further approved, modified or amended by any one or more of the Authorized Signatories, as may be reasonably necessary or desirable for the continuing conduct of the affairs of each Company.

RESOLVED, that, in the judgment of the Strategic Committee, it is desirable and in the best interests of the Companies (including a consideration of its creditors and other parties in interest) to finalize, execute, and deliver the DIP Credit Agreement and each other Credit Document, subject to appropriate modifications and final negotiations, and the Companies' performance of its obligations thereunder, including granting liens, guarantees, and equity pledges.

RESOLVED, that each Company's execution and delivery of, and its performance of its obligations (including guarantees) in connection with the DIP Credit Agreement, is hereby, in all respects, authorized and approved; and further resolved, that each of the Authorized Signatories, acting alone or with one or more Authorized Signatories, is hereby authorized, empowered, and directed to negotiate the terms of and to execute, deliver, and perform under the DIP Credit Agreement and any and all other documents, certificates, instruments, agreements, intercreditor agreements, any such changes therein, additions, deletions, amendments, or other modifications thereto required to consummate the transactions contemplated by the DIP Credit Agreement in the name and on behalf of each Company, in the form approved, with such changes therein and modifications and amendments thereto as any of the Authorized Signatories may in its sole and absolute discretion approve, which approval shall be conclusively evidenced by his or her execution thereof. Such execution by any of the Authorized Signatories is hereby authorized to be by facsimile, engraved or printed as deemed necessary and preferable.

RESOLVED, that each of the Authorized Signatories, acting alone or with one or more Authorized Signatories, be, and hereby is, authorized and directed to seek authorization to enter into the DIP Credit Agreement and to seek approval of the use of cash collateral pursuant to a postpetition financing order in interim and final form with such changes therein, additions, deletions, amendments, or other modifications thereto as any Authorized Signatory may in its sole and absolute discretion approve, and any Authorized Signatory be, and hereby is, authorized, empowered, and directed to negotiate, execute, and deliver any and all agreements, instruments, or documents, by or on behalf of each Company, necessary to implement the postpetition financing, including providing for adequate protection to the secured parties under the Prepetition Credit Agreement and the Prepetition NPA  in accordance with section 363 of the Bankruptcy Code, as well as any additional or further agreements for entry into the DIP Credit Agreement and the use of cash collateral in connection with the Chapter 11 Cases, which agreements may require adequate protection and liens to the DIP Lenders and each other agreement, instrument, or document to be executed and delivered in connection therewith, by or on behalf of each Company pursuant thereto or in connection therewith, all with such changes therein and additions thereto as

any Authorized Signatory approves, such approval to be conclusively evidenced by the taking of such action or by the execution and delivery thereof.

RESOLVED, that (i) the form, terms, and provisions of the DIP Credit Agreement, (ii) the grant of (a) collateral under the DIP Credit Agreement and (b) pledges of equity, (iii) the guaranty of obligations by the Guarantors (as defined in the DIP Credit Agreement) under the DIP Credit Agreement, from which the Companies will derive value, be and hereby are, authorized, adopted, and approved, and (iv) any Authorized Signatory of each Company is hereby authorized, empowered, and directed, in the name of and on behalf of the respective Company, to take such actions and negotiate or cause to be prepared and negotiated and to execute, deliver, perform, and cause the performance of, each of the transactions contemplated by the DIP Credit Agreement, substantially in the form provided to the Strategic Committee, and such other agreements, certificates, instruments, or other papers or documents to which each Company is or will be a party or any order entered into in connection with the DIP Credit Agreement (collectively with the DIP Credit Agreement, the "Financing Documents"), incur and pay or cause to be paid all related fees and expenses, with such changes, additions and modifications thereto as an Authorized Signatory executing the same shall approve.

RESOLVED, that each Company, as a debtor and debtor-in-possession under the Bankruptcy Code be, and hereby is, authorized and directed to incur any and all obligations and to undertake any and all related transactions on substantially the same terms as contemplated under the Financing Documents (collectively, the "Financing Transactions"), including granting liens, guarantees, and providing equity pledges to secure such obligations.

RESOLVED, that each of the Authorized Signatories be, and hereby is, authorized and directed to take such actions as in its discretion is determined to be necessary, desirable, or appropriate to execute, deliver, and file: (i) the Financing Documents and such agreements, certificates, instruments, guaranties, notices, and any and all other documents, including, without limitation, any amendments, supplements, modifications, renewals, replacements, consolidations, substitutions, and extensions of any Financing Documents, necessary, desirable, or appropriate to facilitate the Financing Transactions; (ii) all schedules, and other motions, papers, or documents, which shall in its sole judgment be necessary, proper, or advisable, which determination shall be conclusively evidenced by his/her or their execution thereof; (iii) such other instruments, certificates, notices, assignments, and documents as may be reasonably requested under the Financing Documents; and (iv) such forms of officer's certificates and compliance certificates as may be required by the Financing Documents.

RESOLVED, that each of the Authorized Signatories be, and hereby is, authorized and directed to take all such further actions, including, without limitation, to pay or approve the payment of all fees and expenses payable in connection with the Financing Transactions and all fees and expenses incurred by or on behalf of each Company in connection with the foregoing resolutions, in accordance with the terms of the Financing Documents, which shall in their reasonable business judgment be necessary, proper, or advisable to perform each Company's obligations under or in connection with the Financing Documents or any of the Financing Transactions and to fully carry out the intent of the foregoing resolutions.

**Entry into Stalking Horse Asset Purchase Agreement**

RESOLVED, that each Company is authorized to enter into the APA Documents with the Purchaser for the sale of the Assets and to undertake any and all related transactions contemplated thereby, including the APA Transactions, the Auction, and the Bidding Procedures, on the terms contained therein or on such other terms and conditions as the Authorized Signatories, or any of them, in their, his or her sole discretion, determine to be necessary, appropriate or desirable.

RESOLVED, that each of the Authorized Signatories of each Company be, and hereby is, authorized, directed, and empowered in the name of, and on behalf of, each respective Company to execute, on behalf of each respective Company, the APA Documents, and to execute and file, on behalf of each Company, the Sale Motion (including the Bidding Procedures) with the Bankruptcy Court.

RESOLVED, that each of the Authorized Signatories of each Company be, and hereby is, authorized, directed, and empowered in the name of, and on behalf of, each respective Company to conduct the Auction as approved by the Bankruptcy Court pursuant to the Sale Motion and Bidding Procedures and to negotiate, for and on behalf of each respective Company, such agreements, documents, assignments and instruments as may be necessary, appropriate or desirable in connection with the sale to the Purchaser or the Successful Bidder.

**Appointment of Secretary**

RESOLVED, that Alan Leavitt be, and hereby is, appointed to serve as Secretary of each Company until his resignation or removal, and that any appointment, removal, replacement and/or acceptance of resignation, as applicable, required to effect such appointment, is hereby adopted, approved, ratified and confirmed in all respects.

**General**

RESOLVED, that in addition to the specific authorizations heretofore conferred upon the Authorized Signatories, each of the Authorized Signatories (and their designees and delegates) be, and hereby is, authorized and empowered, in the name of and on behalf of each Company, to take or cause to be taken any and all such other and further action, and to execute, acknowledge, deliver and file any and all such agreements, certificates, instruments and other documents and to pay all expenses, including but not limited to filing fees, in each case as in such Authorized Signatory's judgment, shall be necessary, advisable or desirable in order to fully carry out the intent and accomplish the purposes of the resolutions adopted herein.

RESOLVED, that the Strategic Committee has received sufficient notice of the actions and transactions relating to the matters contemplated by the foregoing resolutions, as may be required by the organizational documents of each Company, or hereby waive any right to have received such notice.

RESOLVED, that all acts, actions and transactions relating to the matters contemplated by the foregoing resolutions done in the name of and on behalf of each Company are hereby in all respects approved and ratified as the true acts and deeds of each Company with the same force and effect

as if each such act, transaction, agreement or certificate has been specifically authorized in advance by resolution of the Strategic Committee.

RESOLVED, that each of the Authorized Signatories (and their designees and delegates) be, and hereby is, authorized and empowered to take all actions or to not take any action in the name of each Company with respect to the transactions contemplated by these resolutions hereunder, as such Authorized Signatory shall deem necessary or desirable in such Authorized Signatory's reasonable business judgment to effectuate the purposes of the transactions contemplated herein.

* * * * *

**IN WITNESS WHEREOF**, the Strategic Committee hereby adopts the foregoing resolutions, as of the first date written above.

[*Remainder of page intentionally left blank*]

## <u>SCHEDULE 1</u>

Forma Brands, LLC, a Delaware limited liability company
Morphe, LLC, a Delaware limited liability company
Forma Beauty Brands, LLC, a Delaware limited liability company
Seemo, LLC, a Delaware limited liability company
Jaclyn Cosmetics Holdings, LLC, a Delaware limited liability company
Jaclyn Cosmetics, LLC, a Delaware limited liability company
Such Good Everything, LLC, a Delaware limited liability company